IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL DOCKET NO.: 5:09-CV-0069

| | | |
|---|---|---|
| ADP DEALER SERVICES GROUP, a division of ADP, INC., and ADP COMMERCIAL LEASING, LLC, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Memorandum and Order |
| WELBORNE AUTOMOTIVE, INC., WORLD SUZUKI, INC., and KELLY MYERS, | ) ) ) ) | |
| Defendants. | ) ) | |

**THIS MATTER** is before the Court on Defendant Myers' Motion to Dismiss, Plaintiffs' Response and Request for Dismissal without Prejudice, and Defendant's Reply in Support of his Motion to Dismiss. (Documents #9, #17, #18.)

**I. Background**

This case arises out of the Complaint filed by Plaintiffs on June 15, 2009, asserting five claims for relief against Defendants Welborne Automotive, Inc., (hereinafter "Welborne") World Suzuki, Inc., (hereinafter "World Suzuki") and Kelly Myers (hereinafter "Myers"). (Document #3.) Plaintiffs allege that in 2006, Defendant Welborne entered into a Master Services Agreement and a Master Equipment Lease Agreement with Plaintiff ADP Dealer Services Group and Plaintiff ADP Commercial Leasing, LLC, respectively. According to the Complaint, Defendant Welborne breached both contracts by failing to make timely payments as required, and afterward, without notice to Plaintiffs, sold all of its assets to Defendant World Suzuki. Plaintiffs further contend that

World Suzuki was formed by Defendant Myers and his father in an attempt to avoid the obligations created by Defendant Myers as president of Welborne. As part of this purported scheme, Defendant Myers allegedly assured Plaintiffs that World Suzuki would honor Welborne's Agreements. Plaintiffs assert that Defendant World Suzuki not only failed to fulfill this promise, but it also induced Plaintiffs to enter an "Add-On" contract that World Suzuki later breached. During these interactions, Plaintiffs allege that World Suzuki "held Myers out as 'President,'" (Compl., 7) in an intentional or negligent misrepresentation upon which Plaintiffs reasonably relied to their detriment.

In addition to the aforementioned allegations against Defendants Welborne and World Suzuki, Plaintiffs' Complaint includes a final cause of action against Defendant Myers individually. Plaintiffs demand judgment against Defendant Myers personally for all amounts due under the Agreements, "[i]n the event that Myers is found to not have had the authority to bind World Suzuki." (Compl., 9.)

On August 7, 2009, Defendant Myers filed a Motion to Dismiss (Document# 9) with an accompanying memorandum in support, (Document # 10) as well as a Joint Answer with Defendant World Suzuki (Document #11). In his Motion to Dismiss, Defendant Myers begins by acknowledging that "he had authority to bind both corporate Defendants." (Def. Myers' Memo. in Supp., 5.) Given that admission, he moves the Court to dismiss the claim against him pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, on the grounds that as their agent he may not be held liable for the corporate Defendants' contracts unless he assumed personal liability, which he did not in these Agreements. In the Answer, Defendants likewise admit that "Myers was an authorized corporate officer of World Suzuki and Welborne," and deny that Myers acted in his

personal capacity at any time. (Defs.' Answer, 3.)

On September 21, 2009, Plaintiffs filed a Motion for Entry of Default as to Defendant Welborne for failure to file an answer within the time provided. (Document #15.) Pursuant to Rule 55(a), default was entered against Defendant Welborne on September 22, 2009. (Document #16.) Subsequently, on September 23, 2009, Plaintiffs filed a "Response to Defendant Myers' Motion to Dismiss / Judgment on the Pleadings and Request for Dismissal without Prejudice." (Document #17.) In light of World Suzuki's admission that Defendant Myers had the authority to contract on its behalf, Plaintiffs concede that their cause of action against him individually is moot and should be dismissed. Nevertheless, Plaintiffs argue that Defendants' inconsistent position in this regard illustrates the need to provide Plaintiffs with the flexibility to re-file their claim if Defendants' account changes again. Plaintiffs therefore move the Court to dismiss their cause of action against Defendant Myers without prejudice, pursuant to Rule 41(a)(2).

In response, on September 29, 2009, Defendant Myers filed a Reply in Support of the Motion to Dismiss. (Document #18.) Although he appears to misinterpret Rule 41,[1] Defendant Myers' primary contention is clear he maintains that the Court should deny Plaintiffs' motion and grant his previous Rule 12(b)(6) motion, thereby dismissing the claim against him with prejudice.

---

[1] Defendant argues that because he had filed an answer prior to Plaintiffs' Rule 41 motion, the claim against him may only be dismissed without prejudice by stipulation of all parties. (Def.'s Reply in Supp., 1) (citing Fed. R. Civ. P. 41 (a)(1)(i». However, as the Court will address, Rule 41 (a)(2) provides that after an answer is filed, the claim may also be dismissed without prejudice by "order of the court." Fed. R. Civ. P. 41 (a)(2).

## II. Standard of Review

As Rule 41 of the Federal Rules of Civil Procedure plainly sets forth, if the plaintiff mes a notice of dismissal before the opposing party serves it with an answer or a motion for summary judgment, dismissal without prejudice is available as a matter of unconditional right. Marex Titanic. Inc. v. Wrecked & Abandoned Vessel, 2 F.3d 544,546 (4th Cir. 1993). Once the defendant has filed an answer or a motion for summary judgment, however, "granting dismissal without prejudice becomes discretionary with the court." Armstrong v. Frostie Co., 453 F.2d 914, 916 (4th Cir. 1971) (citing Fed. R. Civ. P. 4 1 (a)(2)). Nevertheless, this does not mean that the court has unrestricted authority in this area. *See* 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2364 (2d. ed. 1995). The purpose of Rule 41 (a)(2) is to allow voluntary dismissals freely "absent substantial prejudice to the defendant." S.A. Andes v. Versant Corp., 788 F.2d 1033, 1036 (4th Cir. 1986); see also Teck Gen. P'ship v. Crown Cent. Petroleum Corp., 28 F. Supp. 2d 989, 991 (E.D. Va. 1998) (holding dismissal without prejudice is typically granted "unless there is substantial prejudice or plain legal prejudice to the defendant"). Where no legal prejudice can be shown, the motion should be granted "upon such terms and conditions as the court deems proper," Fed. R. Civ. P. 41(a)(2). See Davis v. USX Corp., 819 F.2d 1270,1273 (4th Cir. 1987).

## III. Analysis

Despite Defendant Myers' general opposition, absent the potential of substantial prejudice to him by doing so, the Court will grant Plaintiffs' Rule 41 (a)(2) motion to dismiss without prejudice. In determining whether undue prejudice will result from a voluntary dismissal, Fourth Circuit precedent identifies the following factors as relevant to the inquiry:

> (1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present state of the litigation, i.e., whether a motion for summary judgment is pending.

Teck, 28 F. Supp. 2d at 991 (citing Gross v.Spies, 133 F.3d 914,1998 WL 8006, *5 (4th Cir. January 13, 1998). This list is not exhaustive, of course, and the court may consider any other factors relevant to the circumstances of the individual case. Id. at n.5. Ultimately, the analysis "must focus primarily on protecting the interests of the Defendant." Davis, 819 F.3d at 1272.

In this regard, neither the prospect of a second lawsuit nor "the possibility that the plaintiff will gain a tactical advantage over the defendant in future litigation" constitutes sufficient prejudice to prevent granting a plaintiff's Rule 41(a)(2) motion. Id. at 1274-75. Likewise, "the mere filing of an answer or a motion for summary judgment could not, without more, be the basis for refusing to dismiss without prejudice." Andes v. Versant Corp., 788 F.2d at 1037, n. 4. Courts typically only deny a motion due to "plain legal prejudice" if litigation is in the advanced stage of the proceedings and the defendant has already incurred substantial costs in discovery. See e.g., Skinner v. First Am. Bank, 64 F.3d 659, 2-3 (4th Cir. 1995) (stating that "[t]he expenses of discovery and preparation of a motion for summary judgment may constitute prejudice sufficient to support denial of a voluntary dismissal"); Francis v. Ingles, 1 Fed. Appx. 152, 154 (4th Cir. 2001) (affirming district court's denial of motion to dismiss without prejudice because the "plaintiffs motion came after lengthy discovery and merely one week before the scheduled trial date").

Applying these principles in this matter, the Court is satisfied that Defendant Myers will not suffer substantial prejudice as a result of a dismissal without prejudice, and therefore, Plaintiffs' Rule 41(a)(2) motion should be granted. Of the factors established by the Fourth Circuit as relevant to Rule

41 consideration, all four compel the conclusion that Defendant will not be overly prejudiced by this result. See Teck, 28 F. Supp. 2d at 991. First of all, the Court is confident that Defendant has not expended immense time and resources thus far, given the early stage of the proceedings. In fact, due to the circumstances of this case, the majority of Defendant Myers' expenses to date are likely attributable to his role as a corporate officer for Defendant World Suzuki, rather than work for his individual defense. His most significant cost is from preparation of the pending Rule 12(b)(6) motion, a filing which would be equally useable in a second suit should Plaintiffs' later re-file this action. See Dean v. WLR Foods, Inc., 204 F.R.D. 75, 79 (W.D. Va. 2001) (noting in decision to dismiss without prejudice that "much of the pretrial and discovery activities conducted [would] be useable in subsequent litigation"). For these reasons, any wasted "effort and expense in preparing for trial," Teck, 28 F. Supp. 2d 991, is not so considerable that Defendant Myers would be substantially prejudiced by a Rule 41(a)(2) order.

In addition to limiting Defendant's burden, the preliminary state of the case also illustrates Plaintiffs' promptness in filing the motion. Forty-seven days, the period separating Defendants' Answer acknowledging Myers' authority to bind World Suzuki and Plaintiffs' motion to dismiss, does not constitute an excessive delay. Plaintiffs' diligence strengthens the Court's willingness to grant their motion and dismiss the claim without prejudice. The third factor, sufficiency of the explanation of the need for a dismissal without prejudice, similarly weighs in Plaintiffs' favor. Plaintiffs' motion includes the Affidavit of Mark Kiser, (Document #17-1) in which Mr. Kiser states that on multiple occasions prior to this action, Frank Myers of World Suzuki avowed in telephone conversations that Defendant Myers was not an agent of World Suzuki. While World Suzuki has since recanted its position, rendering Plaintiffs' claim against Defendant Myers moot, Plaintiffs move for a dismissal without

prejudice because they remain understandably concerned that future disclosures may provide grounds for refiling. (Pls.' Response to Def. Myers' Mot., 2.) As Defendants' alleged deceitfulness is the cause of this uncertainty, granting Plaintiffs the flexibility potentially to re-file after further developments would not be unduly prejudicial to Defendant Myers. See Davis, 819 F.2d at 1274 (holding that "[i]t is well-established that, for purposes of Rule 41(a)(2), prejudice to the Defendant does not result from the prospect of a second lawsuit").

Finally, "the present state of the litigation," Teck, 28 Supp. 2d at 991, equally compels granting Plaintiffs' motion to dismiss without prejudice. Although Defendant Myers has already filed a Rule 12(b)(6) motion, as with "the mere filing of an answer or a motion for summary judgment," Andes, 788 F.2d at 1037, n.4, this alone will not prevent dismissal without prejudice, particularly given the aforementioned underlying facts in this case. Plaintiffs, delayed only by Defendants' alleged deception, filed their motion early in the proceedings, prior to the burdensome discovery process and well in advance of trial. See Fidelity Bank PLC v. N. Fox Shipping N.V., 242 Fed. Appx. 84, 89 (4th Cir. 2007) (holding that the district court did not abuse its discretion by ruling that the "case [was] at an early stage" when the Rule 41(a)(2) dismissal was ordered prior to discovery, despite the defendant's pending motion for summary judgment). These circumstances are therefore distinguishable from cases in which courts have denied Rule 41(a)(2) motions filed at an advanced stage of litigation as an attempt to avoid an adverse ruling resulting from the party's own lack of diligence. See e.g., Patzuro v. Horne Life Ins. Co., 503 F.2d 333, 335-36 (4th Cir. 1974) (holding district court did not abuse its discretion by denying the plaintiffs Rule 41(a)(2) motion filed just days before trial in an "indirect method to obtain those rights he had forfeited through his own lack of diligence"). Like the first three factors, the timing of this dismissal weighs in favor of granting it

without prejudice.

Based upon the factors recommended by the Fourth Circuit, as well as considerations specific to this case, the Court concludes that Defendant Myers will not be substantially prejudiced by dismissal without prejudice. Accordingly, Defendant Myers' Rule 12(b)(6) motion is denied, and Plaintiffs' Rule 41(a)(2) motion must be granted "upon such terms and conditions as the court deems proper." Fed. R. Civ. P. 41 (a)(2). The Court may condition Plaintiffs' voluntary dismissal without prejudice on the payment of Defendant Myers' attorney's fees and costs in litigation. See Best Indus. v. CIS BIO Int'l, 1998 WL 39383, *3 (4th Cir. Feb.2, 1998) (citing Davis, 819 F.2d at 1273). Due to the possibility of duplicate litigation, however, the amount awarded must be limited to fees attributable to work which "cannot be carried over another action." Id. Since such fees and costs are likely to be *de minimus*, the dismissal will not be accompanied by conditions.

### IV. Order

**IT IS, THEREFORE ORDERED** that Defendant's Motion to Dismiss is hereby **DENIED**, and Plaintiffs' Motion for Dismissal without Prejudice is hereby **GRANTED**. Accordingly, the claim against Defendant Myers individually is dismissed without prejudice.

Signed: February 15, 2011

Richard L. Voorhees
United States District Judge